IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIONAL WESTERN LIFE<br>INSURANCE COMPANY | §<br>§<br>§ | |
| V. | § | Cause No. A-09-CA-711 LY |
| | § | |
| WESTERN NATIONAL LIFE<br>INSURANCE COMPANY AND<br>AGC LIFE INSURANCE COMPANY | §<br>§<br>§ | |

**ORDER**

Before the Court is Plaintiff's Emergency Motion to Modify Scheduling Order to Extend the Discovery Deadline (Clerk's Doc. No. 108), Defendants' Response (Clerk's Doc. No. 126) and Plaintiff's Reply (Clerk's Doc. No. 127). The motion was referred to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of this Court. The Court conducted a telephone conference on the motion on November 15, 2010, and has now received both the response and reply.

National Western Life Ins. Co. ("NWL") requests that the Court modify the scheduling order to permit it to take the depositions of nine "bank partners" of the Defendants ("Western National") after the close of discovery. NWL argues that there is good cause for the modification based on the fact that it subpoenaed the banks for depositions on dates before the November 12 discovery cut-off, and its need to take the depositions after the deadline is due only to the banks' schedules and the need to resolve the banks' objections to the document portion of the subpoenas. NWL also notes that the need for the depositions was made more apparent upon receipt of Western National's motion to strike one of NWL's experts (*see* Clerk's Doc. No. 78), which was filed October 26, 2010.

Western National opposes the extension, and contends that NWL was well aware of the potential relevance of the information long before the end of discovery, and simply waited too long to seek the material. It argues that NWL knew from the start that it would be impossible to actually take the depositions by November 12, and the fact that the subpoenas were served before November 12 misses the point. Western National further asserts that it will be prejudiced by having to attend the nine depositions when discovery was supposed to be complete, particularly given that NWL has recently filed other discovery motions which could result in additional post-deadline depositions.

There is merit to both positions. The parties have already agreed to conduct some discovery after the deadline, and, as Western National notes, there is the possibility that even further late depositions may be necessitated by the recently-filed discovery motions. When the parties will already be engaging in significant post-deadline discovery, it is difficult to say that any great prejudice would take place simply by adding some depositions to the list. Moreover, at least some of the burden that would be imposed on Western National by an extension would be self-inflicted, as it elected to conduct very substantial discovery in this case, and that is at least one of the reasons why some discovery is already going to take place after the deadline. The prejudice to Western National if the depositions are permitted is somewhat lessened by these facts. On the other hand, it is clear that NWL was aware of the relevance of the banks' information well before it started the subpoena process, and NWL knew that it was highly unlikely it would actually be able to complete the depositions by November 12, 2010, given when it served the subpoenas.

Federal Rule of Civil Procedure 16(b)(4) sets the relevant standard: "[a] schedule may be modified only for good cause and with the judge's consent." There are four factors a court examines in deciding whether good cause for a modification has been shown: (1) the movant's reasons for

needing the extension of the deadline; (2) the importance of the testimony; (3) the prejudice that the respondent would suffer if the extension is allowed; and (4) the availability of a continuance to cure this prejudice. *S & W Enter., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). As already noted, NWL's reason for needing an extension is not compelling, given that there was no surprise that the banks possessed information relevant to the case, and no real explanation has been offered as to why the banks were not subpoenaed earlier. With regard to the second factor, the testimony appears to be fairly important, as it relates to both liability and damages, and the banks are out-of-district third parties, and thus depositions may be the only way to present this evidence at trial. As discussed above, while Western National would suffer some prejudice if the extension is permitted, that prejudice is not significant. Finally, the Court could not grant a continuance to cure any prejudice, as the trial date has been set for some time, and it is not for this Court to change the district judge's trial schedule.

Consideration of the relevant factors thus results in a fairly even outcome. Taking all of this into account, the Court believes the proper course is to permit limited discovery on these issues. The Court will allow NWL to take the depositions of, and obtain documents from, four of the banks, at NWL's choosing. Such depositions shall be completed no later than December 15, 2010, unless the parties agree to schedule the depositions after this date.[1] For the remaining five banks, Western National shall cooperate with NWL in producing the sales-related documents it referred to in its response. Those documents shall be produced no later than December 15, 2010, unless a later date is agreed upon by the parties.

---

[1] Nothing in this order is intended to alter the deposition limits set forth in the parties' letter agreement of October 22, 2010.

ACCORDINGLY, IT IS ORDERED that Plaintiff's Emergency Motion to Modify Scheduling Order to Extend the Discovery Deadline (Clerk's Doc. No. 108) is GRANTED IN PART and DENIED IN PART as set forth above.

SIGNED this 17th day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE