IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 FEB 18 AM 11:28
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| NATIONAL WESTERN LIFE INSURANCE COMPANY, PLAINTIFF, | § § § § | |
| V. | § § | CAUSE NO. A-09-CA-711-LY |
| WESTERN NATIONAL LIFE INSURANCE COMPANY AND AGC LIFE INSURANCE COMPANY, DEFENDANTS. | § § § § § | |

## ORDER ON *DAUBERT* MOTIONS

Before the Court are the following motions, responses, and replies: (1) Defendants' Motion to Exclude Plaintiffs' Expert Jeffrey M. Samuels filed October 15, 2010 (Doc. #65) and Plaintiff's Response filed October 29, 2010 (Doc. #81); (2) Plaintiff National Western Life Insurance Company's Motion to Exclude Testimony of Kent Van Liere filed October 18, 2010 (Doc. #68), Defendants' Response filed November 1, 2010 (Doc. #84), and Plaintiff's Reply filed November 15, 2010 (Doc. #124); (3) Defendants' Motion to Exclude Plaintiff's Expert Gabriel Gelb filed October 25, 2010 (Doc. #75), Plaintiff's Response filed November 8, 2010 (Doc. #138), and Defendants' Reply filed December 1, 2010 (Doc. #166); (4) Defendants' Motion to Exclude Plaintiff's Damages Expert Stephen L. Becker filed October 26, 2010 (Doc. #78); (5) Plaintiff National Western Life Insurance Company's Motion to Exclude Certain Testimony of Kenneth Kehrer filed November 15, 2010 (Doc. #122), Defendants' Response filed December 12, 2010 (Doc. #169), and Plaintiff's Reply filed December 16, 2010 (Doc. #207); and (6) Plaintiff National Western Life Insurance Company's Motion to Exclude Testimony of Robert A. Leonard filed December 23, 2010 (Doc. #232), Defendants' Response filed January 6, 2011 (Doc. #241), and

Plaintiff's Reply filed January 21, 2011 (Doc. #258). Having reviewed the motions, responses, and replies, the Court renders the following rulings.

***Motions to Exclude Testimony of Van Liere, Gelb, Becker, Kehrer, and Leonard***

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony, providing that:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Rule 702 was amended to incorporate the principles first articulated by the United States Supreme Court in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See* FED. R. CIV. P. 702, Adv. Comm. Notes (2000). Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997).

Following *Daubert* and its progeny, trial courts act as gatekeepers, overseeing the admission of scientific and nonscientific expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial courts must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. In carrying out this task, district courts have broad latitude in weighing the reliability of expert

testimony for admissibility. *See Kumho Tire Co.*, 526 U.S. at 152. The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

*Daubert* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. *See Kumho Tire Co.*, 526 U.S. at 141. This *Daubert* framework includes many factors that can be used to determine the admissibility of expert testimony, including, but not limited to, whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94. Not every *Daubert* factor will be applicable in every situation and a court has discretion to consider other factors it deems relevant. *See Kumho Tire*, 526 U.S. at 151-52. The Fifth Circuit has directed that, "[i]n the vast majority of cases, the district court first should decide whether the factors mentioned in *Daubert* are appropriate." *Black v. Food Lion, Inc.*, 171 F.3d 308, 311-12 (5th Cir. 1999). Whether *Daubert's* suggested indicia of reliability apply to any given testimony is a fact-specific inquiry dependant on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony. *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000).

Notwithstanding the dictates of *Daubert* and its progeny, "the rejection of expert testimony is the exception rather than the rule." FED. R. CIV. P. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "'seachange over federal evidence law,'" and "'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *See id.* (quoting *United States v.*

*14.38 Acres of Land, More or Less, Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). As *Daubert* recognized, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

This Court's role as a gatekeeper is not intended to supplant the adversary system in which vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are means of attacking shaky but admissible evidence. See *id.* Having reviewed the deposition testimony and expert reports of Kent Van Liere, Gabriel Gelb, Kenneth Kehrer, and Robert A. Leonard, the Court concludes that the criticisms raised about their opinions and conclusions can be adequately addressed at trial through cross-examination.

**IT IS THEREFORE ORDERED** that Plaintiff National Western Life Insurance Company's Motion to Exclude Testimony of Kent Van Liere filed October 18, 2010 (Doc. #68) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Plaintiff's Expert Gabriel Gelb filed October 25, 2010 (Doc. #75) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff National Western Life Insurance Company's Motion to Exclude Certain Testimony of Kenneth Kehrer filed November 15, 2010 (Doc. #122) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff National Western Life Insurance Company's Motion to Exclude Testimony of Robert A. Leonard filed December 23, 2010 (Doc. #232) is **DENIED**.

*Motion to Exclude Testimony of Samuels*

Although the *Daubert* analysis is applied to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, the test does not judge the expert conclusions themselves. *Daubert*, 509 U.S. at 594-95. The focus must be solely on principles and methodology rather than the conclusion generated. *Id.* at 995. However, conclusions and methodology are not entirely distinct from one another. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Nothing in *Daubert* or the Federal Rules of Evidence requires a trial court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. *Id.* A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. *Id.*

Although true that rejecting expert testimony is the exception rather than the rule, this does not mean that the Court will refrain from granting a motion to exclude expert testimony in an appropriate case, such as when the expert is not qualified to testify on a particular subject or the underlying methodology is unreliable. *See* FED. R. EVID. 702; *Daubert*, 509 U.S. at 592-93. It appears to the Court that Jeffery M. Samuel's opinions are all based on the law or on legal conclusions. Such decisions are for the Court to make. Samuels is not qualified to make legal conclusions; therefore, his opinions on the law are not helpful to the Court. Because the Court does not find the witness to be a sufficiently reliable expert in this case, Defendants' motion to exclude the testimony of Samuels will be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Exclude Plaintiffs' Expert Jeffrey M. Samuels filed October 15, 2010 (Doc. #65) is **GRANTED**.

*Motion to Exclude Testimony of Becker*

Plaintiff's response to Defendants' Motion to Exclude Plaintiff's Damages Expert Stephen L. Becker (Doc. #78) was due November 30, 2010. *See* W.D. Tex. Local R. CV-7(d); Court's Order of November 9, 2010 (Doc. #106). Pursuant to Local Rule CV-7(d), Plaintiff's motion may be granted as unopposed. As of the date of this order, Plaintiff has not responded to the motion to exclude Becker's testimony. Therefore, the Court will grant Defendants' motion to exclude such testimony.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Exclude Plaintiff's Damages Expert Stephen L. Becker filed October 26, 2010 (Doc. #78) is **GRANTED**.

*Pretrial Filings*

Pursuant to the local rules of this Court, the parties have an obligation to make certain filings in advance of the final pretrial conference. *See* Rule CV-16(e) of the Local Rules of the United States District Court for the Western District of Texas, as amended. The Court makes the following modifications to such requirements.

**IT IS ORDERED** that the parties meet and confer to agree upon a proposed jury charge, jury instructions, and verdict form, which the parties shall file within the time provided by Local Rule CV-16(e). If the parties cannot agree on a complete charge, they shall file a partially agreed charge and each party shall file disputed charge materials in the exact form the party desires them. The Court sees no reason why, in a case of this nature, the parties cannot agree on all provisions of the Court's charge.

**IT IS FURTHER ORDERED** that the parties meet, confer, and review each party's proposed exhibits, and provide the Court, at the final pretrial conference, a list of all exhibits to which there is no objection as to admissibility.

**IT IS FINALLY ORDERED** that, in lieu of the requirement of Local Rule CV-16(e)(3), the parties meet and confer regarding stipulations, and bring to the final pretrial conference their agreed stipulated facts.

**SIGNED** this 18th day of February, 2011.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE