IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATIONAL WESTERN LIFE § <br> INSURANCE COMPANY § <br> § <br> V. § <br> § <br> WESTERN NATIONAL LIFE § <br> INSURANCE COMPANY AND § <br> AGC LIFE INSURANCE COMPANY § | Cause No. A-09-CA-711 LY |

## ORDER

Before the Court are: National Western Life Insurance Company's ("NWL") Motion to Compel Production of Documents Containing Communications between Roger Shuy and Robert Leonard, filed on February 7, 2011 (Clerk's Docket No. 259) and Defendants Western National Life Insurance Company ("Western') and AGC Life Insurance Company's ("AGC') Response filed on February 22, 2011 (Clerk's Docket No. 262).

Western has retained Dr. Robert Leonard, a forensic linguist, as a testifying expert in this case. *See* Defendants' Initial Designation of Potential Witnesses, Testifying Experts and Proposed Exhibits for Trial (Clerk's Docket No. 64). Dr. Leonard has prepared an expert report ("Report") on the likelihood of linguistic confusion between the parties' names and to render an opinion on the expert report of Dr. Ronald Butters, NWL's designated expert. In preparing his Report, Dr. Leonard consulted with Dr. Roger Shuy, a linguistics expert who was retained by Western as a non-testifying expert in this case.

NWL contends that Dr. Shuy was more than a mere consultant to Dr. Leonard and that, in fact, he actually co-authored the Report. Thus, on December 23, 2010, NWL filed a Motion to Exclude the Testimony of Dr. Leonard on the basis that Dr. Leonard's testimony and Expert Report

violated Rule 26(a)(2)(B).  *See* Clerk's Docket No. 232.  Specifically, NWL argued that Western violated Rule 26(a)(2)(B) because: (1) the Report was co-authored by Dr. Shuy, and (2) Western failed to disclose the identity of Dr. Shuy and the materials Dr. Leonard received from Dr. Shuy in preparing the Report.  In response to the Motion, Western denied that Dr. Shuy co-authored the Report and averred that Dr. Shuy was merely retained as a non-testifying expert.  Thus, Western argued that it was under no obligation under Rule 26 to disclose Dr. Shuy's participation in the case to NWL.  In addition, Western pointed out that Rule 26(a) only requires the testifying expert to disclose "the facts or data considered by the witness" and nothing more.  On February 18, 2011, the District Court denied NWL's Motion to Exclude the Testimony of Dr. Leonard and found that NWL's criticisms of Dr. Leonard could be "adequately addressed at trial through cross-examination."  Order on *Daubert* Motions, at p. 4 (Clerk's Docket No. 261– issued Feb. 18, 2011).

Before the District Court made the above-ruling on the Motion to Exclude the testimony of Dr. Leonard, however, NWL filed the instant Motion to Compel which raised the exact same arguments as the motion to exclude Dr. Leonard (*i.e.*, that the Report was co-authored and that Western failed to disclose certain materials in violation of Rule 26).  NWL's Motion to Compel seeks the discovery of all e-mail communications between Dr. Leonard and Dr. Shuy, as well as any drafts of the Report that were sent by Dr. Shuy to Dr. Leonard.  Western argues that NWL is not entitled to these documents because they are protected from discovery under Rule 26.  The Court agrees.

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert testimony.  The parties in this case have agreed to be bound by the 2010 amendments to Rule 26.  *See* Exhibit C to Western's Response.  The current version of Rule 26(a)(2)(B)(ii), which was amended in 2010,

requires a *testifying* expert to produce a report which contains "the facts or data considered by the witness in forming [the witness's opinions]." Under the previous version of Rule 26(a)(2)(B), which was amended in 1993, testifying experts were required to submit a report disclosing "the data or *other information*" they have considered in reaching their conclusions. (Emphasis added.) The majority of courts that interpreted the 1993 version of the rule concluded that all material provided to an expert witness as well as any communications between the expert and the party's attorney must be subject to discovery. 8 Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE § 2016.5 (3d ed. 2010). In an effort to reduce the costs associated with broad discovery of expert materials, Rule 26 was amended in 2010 to provide that disclosure include only "facts or data considered by the witness" in forming their opinions, rather than the "data or other information" prescribed in the 1993 version. The 2010 Advisory Committee notes to Rule 26 clarified that:

> This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney-expert communications.
>
> * * *
>
> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel.

2010 Advisory Committee notes to Rule 26, subdivision (a)(2)(B).

Thus, under the current version of Rule 26(a)(2)(B), Western was only required to produce the "facts or data" relied upon by Dr. Leonard in forming his opinions. Thus, only to the extent communications from Dr. Shuy included "facts or data" that Dr. Leonard relied upon, would such communications be subject to discovery. Western has complied with Rule 26 by producing Dr.

Leonard's Expert Report and all e-mails between Dr. Shuy and Dr. Leonard that contain facts or data. Accordingly, Western has complied with Rule 26(a)(2)(B).

Regarding the discovery of information from non-testifying experts such as Dr. Shuy, Rule 26(b)(4)(D) provides that a party is not entitled to discovery of "facts known or opinions held" by a non-testifying expert unless the party seeking the discovery shows "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.'" FED. R. CIV. P. 26(b)(4)(D)(ii). *See also*, 8A Federal Practice and Procedure, § 2032 (2010 ed.) (noting that "the 2010 amendments do not change this protection, although they would result in renumbering this provision so that it would become Rule 26(b)(4)(D)."). The Court finds that NWL cannot show exceptional circumstances in this case to justify the discovery of "non-fact or data" e-mail communications between Dr. Shuy and Dr. Leonard. NWL was aware of Dr. Shuy's involvement in the case before it deposed Dr. Leonard and thus had an opportunity to cross-examine Dr. Leonard regarding Dr. Shuy's involvement in the case and in Dr. Leonard's work. Moreover, as Judge Yeakel concluded in his Order denying NWL's Motion to Exclude Dr. Leonard's testimony, any criticisms of Dr. Leonard and his Expert Report can be "adequately addressed at trial through cross-examination." *See* Clerk's Docket No. 261. Accordingly, NWL has failed to present the Court with any compelling exceptional circumstances which would justify the production of Dr. Shuy's e-mail communications in this case.

Finally, the Court notes that this motion was filed after the discovery deadline of November 23, 2011. As just mentioned, NWL was aware of Dr. Shuy's role as a consulting expert when it deposed Dr. Leonard. Indeed, it learned of his involvement over a year ago, when Dr. Shuy submitted his acknowledgement and agreement to the terms of the protective order in this case on February 25,

2010.  *See* Exh. A to Western's Response (Clerk's Doc. No. 262).  NWL fails to explain why it did not raise this issue before the close of discovery, as required by the local rules.  *See* Local Rule CV-16(d).  If NWL believed it was entitled to all communications between Dr. Shuy and Dr. Leonard, then it should have filed this motion many months ago.  A huge amount of discovery has already taken place in this case, and permitting additional discovery at this late stage (approximately one month before the scheduled trial date) would not be in the interest of judicial efficiency.

Based upon the foregoing, the Court **HEREBY DENIES** NWL's Motion to Compel Production of Documents Containing Communications between Roger Shuy and Robert Leonard (Clerk's Docket No. 259).

SIGNED this 3rd day of March, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE